# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:17-cv-35-RLV
## (5:05-cr-9-RLV-DCK-13)

| | | |
|---|---|---|
| **ANTHONY D. MCCLELLAND,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence filed under 28 U.S.C. § 2255.  (Doc. No. 1).  For the reasons that follow, the

Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the

Motion to Vacate.

## I.      BACKGROUND

On July 8, 2005, Petitioner pled guilty in this Court to conspiracy to possess with intent to

distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846.  See (Criminal

Case No. 5:05-cr-9-RLV-DCK-13: Doc. No. 550: Judgment).  This Court sentenced Petitioner to

262 months of imprisonment, entering judgment on May 26, 2006.  (Id.).  Petitioner filed a

motion to vacate on March 29, 2007, claiming, among other things, that counsel did not file a

notice of appeal on his behalf, although Petitioner had instructed him to do so.  (Id., Doc. No.

729: 5:07-cv-38).  On April 2, 2007, this Court granted the motion to vacate in part to the extent

that the Court ordered amendment of the judgment so Petitioner could appeal.  (Id., Doc. No.

730).  The Court entered an amended judgment on May 4, 2007, from which Petitioner appealed.

1

(<u>Id.</u>, Doc. No. 550: Judgment; Doc. No. 757: Amended Judgment). In an unpublished opinion, the Fourth Circuit affirmed Petitioner's conviction and sentence, entering the mandate on May 27, 2008. (<u>Id.</u>, Doc. Nos. 969; 981).

Petitioner filed a motion to vacate on February 13, 2012, seeking relief under the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011). (<u>Id.</u>, Doc. No. 1427: 5:12-cv-20). On November 12, 2013, the Court granted the Government's motion to dismiss and denied the motion to vacate with prejudice as time-barred. (<u>Id.</u>, Doc. No. 1584). Petitioner filed the instant motion to vacate on February 17, 2017, placing the petition in the prison mailing system on December 14, 2016. In his motion, Petitioner seeks relief under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

Petitioner filed the instant motion to vacate on February 17, 2017, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 5:05-cr-9-RLV-DCK-13. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate with prejudice as time-barred. Thus, this is a successive petition. <u>See</u> <u>Murray v. Greiner</u>, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of a motion to vacate as time-

barred is a decision on the merits for the purpose of whether a subsequent petition is successive). Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255.  Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").  Accordingly, this successive petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1.      Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2.      **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 21, 2017

Richard L. Voorhees
United States District Judge